UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Plaintiff |
| v. | Criminal Action No. 3:17-cr-00087-RGJ |
| JEFFREY CAMPBELL, ET AL. | Defendants |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Jacqueline Davis ("Davis") moves to compel the United States to produce a bill of particulars. [DE 138]. Briefing is complete, and the motion is ripe. [*See* DE 140; DE 141]. For the reasons below, the Court **DENIES** Davis's motion.

**BACKGROUND**

The United States alleges twenty-four counts related to a conspiracy to distribute, and the actual distribution of, controlled substances against Defendants Jeffrey Campbell ("Campbell"), Mark Dyer ("Dyer"), Davis, and Physicians Primary Care, PLLC ("PPC"). [DE 1; DE 55; DE 66; DE 110]. Count 1 of the Third Superseding Indictment charges Campbell, Dyer, Davis, and PPC with conspiracy to unlawfully distribute and dispense controlled substances from January 1, 2009 to December 1, 2016. [DE 110 at 430–31]. Counts 2–5 charge Campbell and Dyer with unlawful distribution and dispending of controlled substances from dates in 2012 through dates in 2014. *Id.* at 432. Counts 6–7 charge Campbell and Dyer with an overdose death related to the distribution of controlled substances in Count 1. *Id.* Counts 8–9 charge Dyer with unlawful distribution of hydrocodone in 2013-2014. *Id.* at 433.

Count 10 charges Campbell, Dyer, Davis, and PPC with conspiracy to commit health care fraud during the same period as Count 1. *Id.* at 433–34. Counts 11–21 charge Campbell with

1

health care fraud related to fraudulent coding. *Id.* at 434–35. Count 22 charges Campbell and Dyer with health care fraud related to fraudulent billing for physical therapy. *Id.* at 435–36. Count 23 charges Campbell and PPC with health care fraud for falsely billing genetic lab testing at PPC from August 2013 to June 2014. *Id.* at 436.

Finally, Count 24 charges Campbell, Dyer, and Davis with a money laundering conspiracy in which Campbell and PPC allegedly "established a bonus program to promote the billing of medical procedures and tests that were medically unnecessary for the purpose of bolstering revenues in the form of increased reimbursements received from private insurance, Medicare, and Medicaid." *Id.* at 437. Campbell allegedly paid the bonuses to Dyer and Davis "based on a point value system that directly corresponded to the number of patients treated and medical procedures and tests ordered and billed, including those that were medically unnecessary. The bonus payments were made from funds derived from . . . [the] conspiracy to commit health care fraud." *Id*. at 437–38.

The United States thus alleges that Davis participated in three conspiracies—conspiracy to unlawfully distribute and dispense controlled substances (Count 1), conspiracy to commit health care fraud (Count 10), and conspiracy to commit money laundering (Count 24). Davis moves for a bill of particulars on Count 1 and Count 10. [DE 138]. As to these Counts, Davis wants the United States to produce a bill of particulars to specify:

> (a) identify the patients for whom she wrongfully ordered treatment and billed the government as to Count 10, and the patients to whom she wrongfully dispensed controlled substances as to Count 1,
> (b) state the date on which the alleged offenses occurred,
> (c) identify the medical records related to that particular event, and
> (d) identify the treatment or drug that was wrongfully prescribed.

[DE 81 at 618]. The United States responded [DE 140], and Davis replied [DE 141].

**STANDARD**

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . [f]or each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). The Sixth Amendment to the United States Constitution provides a defendant with the right to be informed of the nature and cause of the accusations against him or her. *United States v. Maney*, 226 F.3d 660, 663 (6th Cir.2000). The United States Supreme Court has explained that an indictment satisfies the constitutional requirements "if it, first, contains the element of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id*.

Under Federal Rule of Criminal Procedure 7(f), a defendant may move the Court to order the government to provide a bill of particulars:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). The decision whether to grant a motion for a bill of particulars lies within the district court's discretion. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004). "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). The Court should grant a motion for bill of particulars if it is necessary to avoid surprise at the time of trial, when the indictment is so vague that the defendant cannot prepare his defense, or when the indictment is so indefinite that it would be insufficient to

bar a second prosecution for the same crime. *Musick* at 724; *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993). Once a bill of particulars is filed, it confines the United States' evidence to the particulars furnished, and therefore restricts the United States' proof. *United States v. Haskins,* 345 F.2d 111, 114 (6th Cir. 1965).

Granting a motion for bill of particulars is not appropriate "merely to aid a defendant in discovery." *United States v. Watkins*, No. 1:06-CR-00048, 2007 WL 1239208, at *1 (W.D. Ky. Apr. 27, 2007). And, "[a] defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." *Musick*, 291 F. App'x at 724 (citations omitted).

In the context of a conspiracy case, "bill of particulars is not to be used as a general discovery device . . . This is particularly so in a conspiracy case where the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *United States v. Martin,* 822 F.2d 1089, *3 (6th Cir. 1987); *United States v. Hooks*, 2008 WL 907445 at *3 (W.D. Mich. Apr. 1, 2008) (quoting *United States v. Hayes*, 88-5735, 1989 WL 105937 (6th Cir. September 14, 1989)). A "request for every detail about the conspiracy, in fact, can only be characterized as a request for general discovery. Such a request must fail . . ." *Id.; see also Salisbury*, 983 F.2d at 1375 ("a defendant is not entitled to discover all the overt acts that might be proven at trial").

## DISCUSSION

Davis moves the Court to order the United States to file a bill of particulars to specify as to both the conspiracy charges Count 1 and Count 10: the specific patient, the relevant date, all related records, and whether the incident involved wrongly dispensed drugs (as alleged in Count

1) or wrongly provided treatment (as alleged in Count 2). [DE 138]. Davis argues that without this information she cannot adequately prepare her defense. [DE 138 at 617-18].

The United States objects to the motion. [DE 140]. The United States argues that the Court should not order a bill of particulars because the third superseding indictment sufficiently informs Davis of the charges against her. The United States has provided Davis with discovery beyond its Rule 16 obligations, including providing Davis with the names of patients that will be the subject of Count 1 and Count 10. [DE 140 at 629-30]. The United States has produced over 100,000 pages of discovery to Davis with a searchable discovery index to allow Davis to search patient files, expert reports detailing the drug distribution and fraud, billings records, and prescriptions. [DE 140 at 630]. The United States also provides the Court with letters to Davis' counsel explaining the process for searching and locating documents and detailing their meetings with Davis's counsel to show him how to search and locate documents. One of the letters provides a detailed example of the documents that support the charges in the indictment. [DE 140-2 at 645].

1. Count 1: Conspiracy to Unlawfully Dispense and Distribute Controlled Substances

Count 1 charges Davis with conspiracy to unlawfully dispense and distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846. "'[A]n indictment under 21 U.S.C. § 846 is sufficient if it alleges 'a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy.'" *United States v. Nasr*, No. 7:18-CR-7-KKC, 2019 WL 6884778, at *1 (E.D. Ky. Dec. 17, 2019) (quoting *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982)). The elements for the drug conspiracy in Count 1 are thus: that (1) two or more persons conspired, or agreed, to possess with intent to distribute and to distribute a controlled substance, and (2) the defendant knowingly and voluntarily joined the conspiracy. *See* Sixth Circuit Pattern Criminal

Jury Instruction 14.05 (2019) (citing cases). The United States does not have to prove the commission of any overt acts in furtherance of the conspiracy to establish a violation of § 846. *United States v. Shabani*, 513 U.S. 10, 13 (1994). Nor is the United States required to "disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *Hooks,* 2008 WL 907445 at *3. Count 1 of the third superseding indictment states as follows:

### COUNT 1
*(Conspiracy-Unlawful Distribution and Dispensing of Controlled Substances)*

> Beginning no later than January 1, 2009, and continuing through on or about December 1, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, JEFFREY CAMPBELL, MARK DYER, JACQUELINE DAVIS, and PHYSICIANS PRIMARY CARE, PLLC, defendants herein, and others, did knowingly and intentionally combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and dispense, and caused to be distributed and dispensed, Schedule II, III and IV controlled substances to patients, without a legitimate medical purpose and outside of the usual course of professional medical practice.
>
> In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(E)(i), 841(b)(2), and 846.

The third superseding indictment alleges each of the necessary elements. It alleges the dates of the conspiracy ("beginning no later than January 1, 2009, and continuing through on or about December 1, 2016"), the type of drugs involved (Schedule II, III, and IV controlled substances), the statutes allegedly violated (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)), and that Davis and others conspired to knowingly and intentionally distribute and dispense controlled substances. From the indictment, any Schedule II-IV controlled substance that was unlawfully distributed and dispensed from January 1, 2009 through December 1, 2016 could be used part of the United States' case.

The United States has further provided Davis with the list of patients that it may use at trial, a searchable discovery index, expert reports that detail specific patients prescribed medically

unnecessary drugs or prescribed drugs outside the usual courts of practice, and prescriptions and reports showing all drugs dispensed for each patient. The United States sent Davis a letter that used a detailed example to show her how to locate and search documents in the discovery produced. Davis has the details and information necessary to prepare her defense and avoid prejudicial surprise at trial. The United States need not disclose all overt acts alleged to have occurred in furtherance of the conspiracy or every detail about the conspiracy as Davis requests. *Martin*, 822 F.2d at *3. A bill of particulars is thus unnecessary.

2. Count 10: Conspiracy to Commit Healthcare Fraud

Count 10 of the third superseding indictment charges Davis with conspiracy to commit health care fraud. [DE 110]. While the third superseding indictment added Davis to Count 1, the charge against Davis in Count 10 remained virtually unchanged from the second superseding indictment. [*Compare* DE 66 *with* DE 110]. An indictment for a charge of health care fraud conspiracy under 18 U.S.C. § 1349 is sufficient when "the indictment sets forth the elements of the offense charged and sufficiently apprises Defendant of the charges to enable him to prepare for trial, a bill of particulars is not warranted." *United States v. Goldfein*, Case No. 13-20882, 2016 WL 3912026 *4 (E.D. Mich. July 18, 2016)(citing *United States v. Cox*, 2012 WL 6568088 at *1 (E.D. Mich. Dec. 14, 2012)). The elements of conspiracy to commit healthcare fraud are: (1) two or more persons conspired, or agreed, to commit the crime of healthcare fraud and (2) that the defendant knowingly and voluntarily joined the conspiracy. *See* Sixth Circuit Pattern Criminal Jury Instruction 3.01A. Count 10 of the third superseding indictment states as follows:

COUNT 10
(Conspiracy – Health Care Fraud)

>On or about and between January 1, 2009, and continuing through December 1, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, JEFFREY CAMPBELL, MARK DYER, JACQUELINE DAVIS, and PHYSICIANS PRIMARY CARE, PLLC, defendants herein, and others, did knowingly and willfully combine, conspire and confederate and agree with each other and others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to knowingly and willfully execute, and attempt to execute, a scheme and artifice to obtain, by means of false or fraudulent pretenses, representations, and promises, money and property owned by and under the custody or control of health care benefit programs, in connection with the delivery of, and payment for, health care benefits, items, and services, to wit: JEFFREY CAMPBELL, MARK DYER, JACQUELINE DAVIS, and PHYSICIANS PRIMARY CARE, PLLC, and others, falsely and fraudulently billed various health care benefit programs by coding physical therapy, counseling, and exercise (Med Fit Program) services using evaluation and management codes in order to obtain a higher rate of reimbursement and billed for medically unnecessary tests, such as nerve conduction studies, MRIs, CT Scans, X-rays, Urinary Drug Screens (UDSs), and ANSAR tests.

[DE 110]. Count 10 alleges each of the necessary elements. Count 10, which tracks the statutory language of 18 U.S.C. § 1349, sufficiently states the offense of Conspiracy—Health Care Fraud. *McAuliffe*, 490 F.3d at 531 (quoting *United States v. Superior Growers Supply, Inc.,* 982 F.2d 173, 176 (6th Cir.1992)) ("'An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense'"). Count 10 states that there was an agreement between Campbell, Dyer, Davis, and PPCL. [DE 110 at 433-434]. And it sets out in clear language defendants' "scheme or artifice to defraud" as "falsely . . . fraudulently bill[ing] various health care benefit programs by coding physical therapy, counseling, and exercise (Med Fit Program) services using evaluation and management codes in order to obtain a higher rate of reimbursement and bill[ing] for medically unnecessary tests, such as nerve conduction studies, MRIs, CT Scans, X-rays, Urinary Drug Screens (UDSs), and ANSAR tests." *Id.*; *See United States v. Walters*, No. 3:15-CR-14-GFVT-

REW, 2016 WL 1453069, at *2 (E.D. Ky. Apr. 12, 2016) (finding charge of conspiracy to commit health care fraud sufficient where it "alleg[ed] the purpose of the conspiracy was for . . . Defendants to 'unlawfully enrich themselves by (a) submitting false and fraudulent claims . . . for services that were medically unnecessary and that were not eligible for reimbursement, and (b) diverting proceeds of the fraud for the personal use and benefit of the defendants'"). In sum, it alleges that Davis and her co-conspirators conspired and agreed to a scheme to obtain by false means the money and property owned by another through health care benefit programs. The count alleges Davis "falsely and fraudulently billed various health care benefit programs by coding physical therapy, counseling, and exercise (Med Fit Program) services using evaluation and management codes in order to obtain a higher rate of reimbursement and billed for medically unnecessary tests, such as nerve conduction studies, MRIs, CT Scans, X-rays, Urinary Drug Screens (UDSs), and ANSAR tests."

Further, as detailed above, the United States has provided Davis with much more information that will allow Davis to prepare for trial. Davis has the details and information necessary to prepare her defense and avoid prejudicial surprise at trial. As with the conspiracy charge in Count 1, the United States need not disclose all overt acts alleged to have occurred in furtherance of the conspiracy or every detail about the conspiracy charged in Count 10 as Davis requests. *Martin*, 822 F.2d at *3. A bill of particulars is unnecessary on Count 10.

The United States cites *United States v. Elhorr,* 2014 WL 5511502 at *2 (E.D. Mich. Oct. 31, 2014). There, the government charged Defendant Dr. Elhorr with conspiracy to commit health care fraud and health care fraud. The government provided substantial discovery. The defendant requested a bill of particulars on the conspiracy charge and specifically requested the government provide, among other things, "the specific Medicare claims involved in the alleged conspiracy";

"specific claims where services were not provided"; "specific claims where there was billing for home visits not provided by licensed physicians"; and "specific claims ordering physical therapy and other services provided by home health agencies where the patient was not seen by Defendant Hicham Elhorr or Defendant Ali Elhorr." *Elhorr,* 2014 WL 5511502 at *3. The *Elhorr* Court found the requests not to be proper subjects of a bill of particulars given the pleading in the indictment and the and substantial discovery made available to the defendant. *Id.* Similarly, Davis seeks the specific patient names, dates, all documents, and whether the claim relates to drugs or treatment. As in *Elhorr*, the United States has adequately pled the elements of the conspiracy offenses in Count 1 and Count 10 and provided significant discovery.

Davis argues that the because the Court required a bill of particulars for Campbell [DE 127] it should also require one for her. [DE 138]. But the bill of particulars ordered for Campbell related to Counts 2-5, which charges Campbell with unlawful distribution and dispensing of controlled substances-schedule II in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(c). [DE 110 at 431]. The Court did not order a bill of particulars as to the conspiracy charges. The United States need not disclose all overt acts alleged to have occurred in furtherance of the conspiracy or every detail about the conspiracy as Davis requests. *Martin*, 822 F.2d at *3. This is not changed by the fact that the Court ordered a bill of particulars on Counts 2-5 charged against Campbell.

## CONCLUSION

Having considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that Davis's Motion for Bill of Particulars [DE 138] is **DENIED**.

11